UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA HUNT,

    Plaintiff,

v.                                            Case No. 2:20-cv-470-JLB-NPM

ETHICON, INC. and JOHNSON &
JOHNSON,

    Defendants.

**ORDER**

Before the Court is a Renewed Joint Motion for Leave to Supplement Expert Disclosures Out of Time (Doc. 122). The Court previously denied without prejudice the parties' first joint request because the grounds offered were too vague. (Doc. 121). Since then, the parties complied with the Court's order for renewing the motion, and the motion is granted.

This case arises from the implantation of a TVT-Secur transvaginal mesh device in Plaintiff Barbara Hunt on July 16, 2008. Plaintiff claims she was injured by the device, which was designed, manufactured, marketed, and sold by Defendants Ethicon, Inc. and Johnson & Johnson. Since the implant surgery, Plaintiff has undergone various surgeries and treatment for her injuries. (Doc. 96; Doc. 122, pp. 3-4).

In 2019, Plaintiff began treating with Dr. Allison Wyman. In March 2019, for example, Dr. Wyman explanted portions of the TVT-Secur sling, and in May 2019, she implanted a fascial sling to address Plaintiff's urinary incontinence. (Doc. 122, pp. 3-4). Then, on March 4, 2021, Dr. Wyman performed another surgery after Plaintiff complained of vaginal and lower pelvic pain and pain with intercourse. The preoperative diagnosis list included acute foreign body of vagina, exposure of implanted vaginal material, and pelvic pain. Dr. Wyman also implanted a bladder pacemaker at this time, which is unrelated to the TVT-Secur device. Neither party's expert has reviewed the medical records concerning the March 4, 2021 surgery or subsequent treatment. So, the parties could not determine whether the preoperative notes about removing foreign material relates to the TVT-Secur device, the bladder pacemaker, or both. (Doc. 122, pp. 2, 4).

The latest March 4, 2021 surgery occurred after the parties' respective deadlines for providing updated expert disclosures. Pursuant to the Court's Case Management and Scheduling Order, Plaintiff was required to provide updated expert disclosures on or before February 1, 2021, and Defendants were required to provide updated expert disclosures by March 1, 2021. (Doc. 94, p. 2). Now, the parties seek to depose Dr. Wyman and to thereafter supplement the report of their respective experts, Dr. Lennox Hoyte, M.D., and Dr. Jaime L. Sepulveda-Toro, M.D. The parties claim this further limited discovery and supplementation would be helpful to

understand Plaintiff's injuries. (Doc. 122, pp. 4-5). Given the nature of this lawsuit and the preoperative diagnosis, Plaintiff's surgery may be relevant to her claims and alleged damages, as well as to Defendants' defenses, including alternative causation.

District courts are required to enter a scheduling order that limits the time for discovery, and they may set other deadlines—such as expert disclosure deadlines—to ensure orderly progress toward the discovery cutoff. Fed. R. Civ. P. 16(b)(3). When a deadline appears in a scheduling order and a motion for more time is filed after the deadline, "Rule 16 is the proper guide for determining whether a party's delay may be excused." *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018). Under Rule 16(b)(4), "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under this standard, the party requesting the extension demonstrates good cause only if, despite its diligence, the party cannot meet the deadline. *See* Fed. R. Civ. P. 16, 1983 Advisory Committee Notes; *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). A party seeking an extension of an expired deadline must also show excusable neglect for not seeking the extension prior to the deadline's expiration. Fed. R. Civ. P. 6(b)(1)(B).

The delay in seeking leave of Court was due to the parties' attempt to amicably resolve the issue because they disagreed on the interpretation of the medical records. They posit that Dr. Wyman's deposition is necessary to ascertain whether the

3

medical records corresponding to the March 4, 2021 surgery relate to Plaintiff's claims and alleged damages. The parties could not resolve the issue, and consequently sought Court intervention. (Doc. 122, pp. 2, 5). But there are pending *Daubert* motions directed to the opinions of Drs. Hoyte and Sepulveda and a pending motion for summary judgment that hinges in part on the disposition of the *Daubert* motion directed to Hoyte. (Docs. 106, 107, 108). The parties state that they are amenable to supplemental briefing directed solely to the supplemental reports, if any. (Doc. 122, p. 6).

The parties have provided justification for seeking an extension of the updated expert report deadline, so the Renewed Joint Motion for Leave to Supplement Expert Disclosures Out of Time (Doc. 122) is **GRANTED**. The parties must depose Dr. Wyman on or before **July 21, 2021**. Plaintiff's updated expert disclosures are due **30 days** after Dr. Wyman's deposition, and Defendants' updated expert disclosures are due **60 days** after Dr. Wyman's deposition. If needed, the parties may supplement their respective *Daubert* motions (Docs. 107, 108) and Defendants may supplement their motion for summary judgment (Doc. 106) by **October 4, 2021**.

The supplemental expert reports would only be fully available less than one month before trial, according to the parties' estimates, and this does not include time to supplement their pending motions. (Doc. 122, p. 6). There is not enough time for the Court to fully consider further briefing and provide a ruling, so the remaining

deadlines must be extended. The Court will issue an amended case management and scheduling order separately.

**ORDERED** in Fort Myers, Florida on June 21, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE